WILLARD PEHRSON, RESPONDENT, *v.* CITY COUNCIL OF THE CITY OF EPHRAIM, APPELLANT.

LIQUOR LICENSE—REVOCATION.

1. Under chapter 52, p. 57, Sess. Laws 1892, defendant issued plaintiff a license to retail liquors, and after a quarter's license had been paid, and within a month after its issuance, revoked the same without previously having preferred charges against the plaintiff, or having cited him to appear and show cause why the license should not be revoked; the plaintiff having, however, been notified by the mayor of the city of the inten-

tion of the defendant to consider the matter of his license, and that he might attend the meeting of the city council, and be heard, if he desired. *Held,* that the revocation, without preferring charges against the licensee and giving him an opportunity to be heard, was unlawful and void.

2. Where a thing is to be done for cause, in the exercise of discretion, the law intends a sound discretion, and that the action be based on the merits of the case, as shown by the facts in relation to it.

(No. 714. Decided Oct. 5, 1896.)

Appeal from the district court, Seventh judicial district. Hon. Jacob Johnson, *Judge.*

*Certiorari* by Willard Pehrson against the city council of the city of Ephraim to review the revocation of a liquor license.

From a judgment for plaintiff, defendant appeals. *Affirmed.*

*L. R. Rhodes,* for appellant.

The only limit placed upon the council is, that as a precedent to revocation, it must be the judgment of the council that it would be necessary for the peace and good order. *Tredl* v. *Carstenson et al.,* 61 Ia. 334; *Smith* v. *Board Supervisors,* 30 Ia. 531; *Board Supervisors* v. *Midland Co.,* 27 Mich. 165; *People ex rel. Kent* v. *Board Fire Commissioners,* 10 N. Y. 82; *In re Salina County Subscription Case,* 100 Am. Dec. 337; Black on Intoxicating Liquors, sec. 105; *In re Carlson,* 18 Atl. Rep. 8; *Redden* v. *License Comm'rs,* 21 Atl. Rep. 1020.

It was a mere license subject to the law, not a vested right. Black on Intoxicating Liquors, sec. 51.

*Wm. K. Reid,* for respondent.

Sufficient cause must be shown. Black on Intoxicating Liquors, p. 234; *United States* v. *Douglass*, 8 Mackey 99; *Schlaudecker* v. *Marshall*, 72 Pa. 200; *People* v. *Symonds*, 4 Wis. 6.

BARTCH, J.:

In this case the plaintiff made an application for the issuance of a writ of *certiorari* to review the action of defendant by which it revoked the license of the plaintiff to sell liquors in the city of Ephraim. The court issued the writ, and after return made, upon hearing, adjudged the action of the defendant in revoking the license to be void, and thereupon the defendant appealed. It appears from the record that on February 24, 1896, the appellant granted to the respondent a retail liquor license for the period of three months, commencing on the 11th day of March following; that he paid into the city treasury for said license the sum of $150; that under said license the respondent carried on the business of a retail liquor dealer from the 11th to the 21st day of March, 1896, when the license was declared revoked, without having previously preferred charges against the respondent, or having cited him to appear and show cause why the license should not be revoked,—the respondent, however, having been notified by the mayor of the city of the intention of the appellant to consider the matter of his license, and that he might attend the meeting of the city council and be heard, if he so desired.

Counsel for the appellant insists that the action of the city council was authorized by the law, and that the court erred in its judgment annulling said action. The statute law material in the decision of this case is found in chapter 52, p. 57, Sess. Laws 1892. Section 1, which is an amendment to section 2158, Comp. Laws Utah 1888, referring to the granting of licenses for the sale of liq-

uors, among other things provides "that any application for such license may be refused for good cause, in the discretion of the city council or county court. * . * *" Section 2, which is an amendment to section 2169, Comp. Laws Utah 1888, relating to revocation of liquor licenses, provides that "the county court or the city council may revoke any license granted to the keeper of saloons, tippling houses, dram shops, or for the selling or giving away of any intoxicating drink or malt liquors, within the city or county, whenever, in the judgment of the court or city council, such action may be necessary to the peace and good order of any precinct in the county or of the city." The sections amended by the act of 1892 are both portions of the general law relating to intoxicating liquors. Both are applicable to each city and county in the state, and must be considered in determining the legislative intent respecting the revocation of liquor licenses. It will be noticed that under the first section of the act of 1892 the city council or county court may, in their discretion, for good cause, refuse to grant such a license to any applicant, but it appears that they have no power to arbitrarily deny an application.

The statute invests in such court and council a legal discretion, which must be exercised in a reasonable, and not a wilful, manner, and only for cause can a license be withheld. Therefore the action by which a license is granted or withheld must be based upon such relevant facts as may come before the body which is called upon to act. If, then, those sitting to administer the law, upon lawful application therefor, can only refuse a license for cause, and must determine each case upon relevant facts, and exercise a sound discretion, can they revoke such license at mere will? Counsel for the appellant insists that section 2, above quoted, confers such power. We do not think this position tenable. Under such a con-

struction the two sections would be in conflict with each other, or, rather, the effect and operation of the one would avoid and annul the effect and operation of the other, because, under the first section, upon application therefor, unless good cause existed for refusing, the license would have to be granted, and under the second it might be immediately revoked without cause. This would be unreasonable. The two sections must be construed together, and effect given to both, if possible; and, when the second section is considered with the first, its clear meaning is that the county court or city council may revoke any such license whenever, in their judgment, such revocation becomes necessary to the peace and good order of the public, but their judgment must be based on the existence of such relevant facts as show some cause and necessity for their action. The sale of intoxicating liquors as a beverage is one of many things things which affect the public morals, and whether licenses should be granted, and how they should be granted and revoked, are legislative questions. Those who sit to administer the law should administer it fairly. Where a thing is to be done for cause, in the exercise of discretion, the law intends a sound discretion, and that the action be based upon the merits of the case as shown by the facts in relation to it. The statute law under consideration vests in the county court and city council a large discretion, which should be exercised primarily for the public good, and secondarily for private interests. It is admitted in this case that the license was regularly granted according to law, and there is nothing to show that the respondent had in fact violated the law or the city ordinances. Nor does the record contain any facts or show any cause which were sufficient to authorize the revocation. The action of the council was therefore with-

out its jurisdiction and void, and the district court committed no error in setting it aside. The judgment is affirmed.

Zane, C. J., and Miner, J., concur.